NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| YAPAK, LLC d/b/a Klassi Kids, | : : : | |
| Plaintiff, | : : | Civ. No. 3:09-cv-3370 |
| v. | : : | OPINION & ORDER |
| MASSACHUSETTS BAY INSURANCE COMPANY, The Hanover Insurance Group, and John Does 1-10, | : : : : : | |
| Defendants | : : | |

THOMPSON, U.S.D.J.,

INTRODUCTION

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [12]. This matter has been decided on the papers without oral argument. For the reasons stated below, Defendants' motion is GRANTED.

BACKGROUND

This dispute arises out of an insurance coverage dispute between Plaintiff and Defendants. On June 1, 2009, Plaintiff filed this lawsuit in the Superior Court of New Jersey. Defendants removed the action to federal court on July 9. Plaintiffs filed an Amended Complaint with the Court on September 4, and the Defendants have now moved to dismiss that complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

ANALYSIS

I. Standard of Review

To survive a motion to dismiss, a plaintiff must plead sufficient factual matter to enable a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). As the Third Circuit has explained, this requires the Court to undertake a two-step analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing Iqbal, 129 S.Ct. at 1949-50). For purposes of resolving a motion to dismiss, "plausible" does not mean "probable," but it requires more than "sheer possibility." Iqbal, 129 S.Ct. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). In other words, if the factual allegations are more likely explained by lawful behavior than illegal activity, then the complaint should be dismissed. Id. at 1950.

II. Application to Plaintiff's Complaint

Plaintiff's complaint makes out two claims against Defendants: breach of contract and breach of the duty of good faith and fair dealing. The Court examines each in turn.

A. Breach of Contract

The classic elements of a breach of contract claim are (1) the existence of a valid contract, (2) defective performance, and (3) damages. Coyle v. Englander's, 199 N.J. Super 212, 223 (App. Div. 1985). To survive a motion to dismiss, Plaintiff must allege facts sufficient to satisfy these elements, but a mere recital of the elements themselves will not suffice. Iqbal, 129 S.Ct. at 1949. In this case, the complaint is insufficient because it fails to allege defective performance adequately. Plaintiffs' allegations essentially amount to the following: Plaintiff sustained losses; Plaintiff submitted claims to Defendants; Defendants did not pay Plaintiff's

2

claims; Defendants thereby breached their contract with Plaintiff.  (Am. Compl. 1.)  The last of these four allegations, that Defendants breached their contract, is a legal conclusion rather than a factual allegation, and therefore the Court must disregard it.  The remaining, factual allegations simply amount to the proposition that Plaintiff had its insurance claim denied.  While such a denial might be a breach of contract, it might equally well be perfectly legal under the terms of the agreement.  In other words, Plaintiff's allegations do not rise beyond the "sheer possibility" threshold.  See Iqbal, 129 S.Ct. at 1949.  To make out a "plausible claim for relief," Plaintiff must allege factual matter sufficient to warrant the inference that when Defendants refused to pay, they violated their contractual obligations.  Since Plaintiff has not alleged any facts concerning the terms of the contract or the losses at issue, this Court cannot infer whether the breach of contract claim is plausible.  Consequentially, that claim must be dismissed.

    B.  Breach of the Duty of Good Faith and Fair Dealing

There is no universally-accepted test for establishing a breach of the duty of good faith and fair dealing, but two elements appear to recur with some frequency: (1) the defendant acts in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract.  See, e.g., Brunswick Hills Racquet Club, Inc. v. Route 18 Shoppint Ctr. Assocs., 182 N.J. 210, 225 (2005); Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001).  New Jersey law also recognizes a tort specific to the insurance contract context—that it is unlawful for an insurer to deny an insurance claim without any "fairly debatable" justification.  See Pickett v. Lloyd's, 131 N.J. 457 (1993).

It is not clear which of these two causes of action is the basis for the second count of the complaint, but in either event, the claim fails.  The second count is full of allegations that are, in essence, legal conclusions.  Plaintiff alleges that Defendants' conduct was "willful, wanton, and

3

malicious," that Defendants "breached the common law duty of good faith and fair dealing," and that "there was no 'fairly debatable' reason for the Defendants to not make payments.'" (Am. Compl. 2.)  These allegations simply allege the elements of a claim of bad faith, which make them legal rather than factual allegations.  Another allegation simply states that Defendants violated a host of New Jersey statutes.  (Id.)  This is also a legal conclusion.  Since all these allegations are legal rather than factual, the Court disregards them in considering the motion to dismiss.  Fowler, 578 F.3d at 210-211.  The only factual allegations in the second count of the Complaint are the facts incorporated from the first count, which simply amount to the proposition that Plaintiff made an insurance claim that was denied.  This simple allegation does not support an inference that Plaintiff's claim for breach of the duty of good faith and fair dealing is a plausible one.  Therefore, that claim must be dismissed as well.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted.  It is therefore ORDERED that, on this 16th day of October, 2009, Defendants' Motion to Dismiss [12] is GRANTED.

It is further ORDERED that Plaintiff's Amended Complaint is DISMISSED without prejudice.

It is further ORDERED that Plaintiff is given 30 days to move for leave to file a second amended complaint.  If Plaintiff does not so move, this case will be closed.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.